**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re JOSEPH EDWARD KLOIAN,

  Debtor,         Case No. 06-CV-14166-DT
                 Bankruptcy No. 99-51514-wsd

_____/

**ORDER OF DISMISSAL**

  On September 22, 2006, Debtor Joseph Edward Kloian filed a "Notice of Appeal" in the above-captioned case, which arises from an order entered in the underlying bankruptcy matter numbered 99-51514.  The court has considered numerous other appeals of the same bankruptcy case.  The court will, for the reasons given below, dismiss the appeal.

  Debtor is appealing the bankruptcy court's September 12, 2006 "Order Granting Fee Application of Fred Findling."  (Notice of Appeal at 2.)   Debtor has failed to timely file "a designation of items to be included in the record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P. 8006.  An insufficient record designated on appeal can constitute grounds for dismissal.  *See*, *e.g.*, *Drybrough v. Ware*, 111 F.2d 548 (6th Cir. 1940).  An October 4, 2006 letter by Debtor to the clerk of the bankruptcy court states that he will not file a designation until after the bankruptcy court resolves the September 20, 2006 motion of the trustee to reconsider or clarify the order Debtor now purports to appeal.  On January 17, the bankruptcy court adjourned the hearing on the trustee's motion to February 1, 2007.  On February 27, 2007, the bankruptcy court issued an opinion regarding the motion, with an instruction for Mr. Findling, the attorney seeking fees, to "prepare and present an appropriate order."  (E.D. Mich. Bankr. No. 99-

51514, Dkt #2245 at 4.)  No such order appears yet on the docket of the bankruptcy case.  As such, the trustee's motion for reconsideration or clarification remains pending.  Because Debtor filed the notice of appeal while a motion for reconsideration is pending, the notice of appeal is "ineffective."  Fed. R. Bankr. P. 8002(b)(4), 9023.

Further, Debtor lacks individual standing to appeal.  The court takes judicial notice that the Bankruptcy Court appointed a guardian ad litem ("GAL") for Debtor on March 26, 2003, after finding that Debtor was incompetent.  In the October 22, 2003 "Amended and Supplemental Order Appointing Ronald L. Rose Guardian Ad Litem for Joseph Edward Kloian, Debtor," the bankruptcy court clarified that the GAL is to,

> represent Debtor's interest and be entitled to exercise Debtor's rights with respect to the settlement of, objection to, and litigation of any claims against the bankruptcy estate and any claims by Debtor against persons, partnerships, corporations or other business organizations against whom Debtor has a claim and which claim is an asset of the bankruptcy estate, including, without limitation appearing through his attorney or otherwise, in any State court, for any purpose consistent with or in furtherance of any provision of this Order.

(10/22/03 Bankr. Ct. Order at 2.)  The Sixth Circuit unambiguously affirmed the authority of the GAL.  "Kloian cannot appeal, except through his GAL, from adverse bankruptcy court orders as a general matter."  *In re Kloian*, 179 Fed. Appx. 262, 265 (6th Cir. 2006).  More recently, the GAL, whom the court requires to file regular reports, stated that "[w]ith regard to Debtor's ability to handle his Bankruptcy affairs, including appeals, regretfully the situation has not changed since appointment of the GAL."  (No. 04-74485, 1/31/07 Fifth Report of GAL at 2.)  Based upon the record before the court, it does not appear that Debtor's mental condition or ability to handle his bankruptcy affairs, including his appeals, has improved.  Thus, all appeals must originate from the GAL and not from Debtor personally.  Accordingly,

IT IS ORDERED that Debtor's "Notice of Appeal" [Dkt. # 1] is DISMISSED.

                                S/Robert H. Cleland
                                ROBERT H. CLELAND
                                UNITED STATES DISTRICT JUDGE

Dated:  March 26, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2007, by electronic and/or ordinary mail.

                                S/Lisa Wagner
                                Case Manager and Deputy Clerk
                                (313) 234-5522